1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10         EASTERN DIVISION

11  FERRIS VALENTINE,                ) Case No. 5:25-cv-00682-SVW-JDE
                                     )
12              Plaintiff,           )
                                     ) ORDER DISMISSING ACTION
13         v.                        ) PURSUANT TO 28 U.S.C. § 1915(g)
                                     )
14  UNITED STATES OF AMERICA,        )
    et al.,                          )
15                                   )
                                     )
16              Defendants.          )

17         On March 11, 2025, Ferris Valentine ("Plaintiff"), a federal prisoner at

18  the Federal Correctional Institution, Talladega, located in Talladega,

19  Alabama, but formerly an inmate at United States Penitentiary Victorville,

20  located in Adelanto, California ("USP-Victorville"), proceeding pro se, filed a

21  civil complaint asserting several claims against several defendants regarding

22  events that allegedly took place at USP-Victorville in 2022 and 2023. Dkt. 1

23  ("Complaint"). Plaintiff alleges he was transferred from USP-Victorville on

24  January 14, 2024. Id. at 16, 115 (CM/ECF pagination). Included with the

25  Complaint is a memorandum seeking a "TRO & Injunction/Stay/and or

26  waiver pursuant to F.R.Civ.Pro. Rule 65(a)." Dkt. 1 at 112-19 (CM/ECF

27  pagination). Also on March 11, 2025, Plaintiff filed a request to proceed in

28  forma pauperis ("IFP"). Dkt. 2.

In the Complaint, Plaintiff identifies his Federal Inmate "ID" number as 05594-041. Dkt. 1 at 45 (CM/ECF pagination). The Federal Bureau of Prisons TRULINCS Account Transactions report submitted by Plaintiff with his IFP Request also identifies Plaintiff's "Inmate No." as 05594[-]041. Dkt. 2 at 2.

On March 20, 2025, the assigned magistrate judge issued an Order finding that it appeared Plaintiff had suffered three prior "strikes" and had not alleged he was currently under imminent danger of serious physical injury, ordering Plaintiff to show cause in writing why the action should not be dismissed under 28 U.S.C. § 1915(g), or alternatively, pay the full filing fee, within 28 days. Dkt. 6 ("OSC"). On April 14, 2025, Plaintiff filed a Response to the OSC. Dkt. 7 ("Response"). He did not pay the filing fee.

Under 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . .'" Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). A complaint dismissed as time-barred will constitute a "strike" under Section 1915(g). See Hoffman v. Pulido, 928 F.3d 1147, 1152 (9th Cir. 2019); Belanus v. Clark, 796 F.3d 1021, 1025-27, 1030 (9th Cir. 2007) (concluding that a dismissal of a complaint as time-barred was properly "assessed as a strike" under Section 1915(g));. Rouser

2

1   v. Gyles, 2023 WL 3452048, at *1 (E.D. Cal. May 15, 2023) (noting that a

2   "dismissal of a complaint as time-barred under the applicable statute of

3   limitations counts as a strike," citing Belanus).

4          Section 1915(g) provides a narrow exception permitting a prisoner who

5   has had three prior "strikes" but who is in "imminent danger of serious physical

6   injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v.

7   Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). "Imminent danger of

8   serious physical injury must be a real, present threat, not merely speculative or

9   hypothetical." Blackman v. Mjening,  2016 WL 5815905, at *1 (E.D. Cal. Oct.

10  4, 2016). A plaintiff must make "specific fact allegations of ongoing serious

11  physical injury, or a pattern of misconduct evidencing the likelihood of

12  imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th

13  Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are

14  insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998); see

15  also Martin, 319 F.3d at 1050 ("conclusory assertions" are "insufficient to

16  invoke the exception to §1915(g)"). The "imminent danger" exception is

17  available "for genuine emergencies," where "time is pressing" and "a threat . . .

18  is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

19         Courts may raise Section 1915(g) sua sponte and dismiss the action after

20  providing the plaintiff with an opportunity to be heard. See Andrews, 398 F.3d

21  at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011)

22  (courts "may raise the issue of strikes sua sponte"); Fabricant v. Harbison,

23  2021 WL 5921470, at *2 (C.D. Cal. Sept. 1, 2021) ("Courts may raise

24  § 1915(g) sua sponte."), accepted by 2022 WL 103187 (C.D. Cal. Jan. 11,

25  2022); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov.

26  16, 2010) ("Courts may, sua sponte, dismiss an action that is barred by Section

27  1915(g), but must notify the prisoner/litigant of the strikes it considers to

28  support such a dismissal, and allow the prisoner an opportunity to be heard on

1   the matter before dismissing the case."), adopted by 2010 WL 5315438 (C.D.

2   Cal. Dec. 15, 2010). Once the court notifies a plaintiff that his case may be

3   subject to dismissal under Section 1915(g), the plaintiff bears the ultimate

4   burden of persuading the court that Section 1915(g) does not apply. Andrews,

5   398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a

6   plaintiff refiling his civil rights complaint after prepayment of the full filing

7   fee." Hernandez, 2010 WL 5313476, at *2.

8         Here, the dockets of this Court and other courts, of which this Court

9   takes judicial notice, reflect at least three prior civil actions or appeals filed by

10  Plaintiff while incarcerated that resulted in dismissal for being frivolous,

11  malicious, or failing to state a claim upon which relief may be granted:

12         1.     Ferris T. Valentine v. Michael P. Delaney, No. 2:99-cv-04133-

13                GAF (MLG) (C.D. Cal. Dec. 20, 2002) (Dkt. 83) (dismissing

14                Plaintiff's civil rights complaint, filed while in custody, as

15                untimely).

16         2.     Ferris T. Valentine v. Warden, FCC Coleman-USP II, et al., No.

17                5:08-cv-00428-WTH-GRJ (M.D. Fla. Nov. 13, 2008) (Dkt. 6)

18                (dismissing Plaintiff's Bivens complaint, filed while in custody, as

19                "frivolous pursuant to 28 U.S.C. § 1915A," noting the "dismissal of

20                this case as frivolous counts as a strike for purposes of the three-

21                strikes provision of 28 U.S.C. § 1915(g)).

22         3.     Ferris Valentine v. U.S. Marshals, et al., No. 4:20-cv-04206-KES

23                (D.S.D. Feb. 19, 2021) (Dkt. 10) (dismissing Plaintiff's Bivens

24                claims, filed while in custody, "for failure to state a claim upon

25                which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii)

26                and 1915A(b)(1)").

27        In his Response to the OSC, Plaintiff does not contest the second or third

28  strikes set forth above or argue he is under imminent danger. Rather, he states

1  only that "he believes" that "strike number 1 may not qualify" because he "has

2  no ideal [sic] what this action was about." Response at 1-2. He "cannot recall

3  when or why an action was brought in California in 1999, when plaintiff was

4  never housed in California." Id. at 2. He asserts his "entire incarceration was

5  on the East Coast." Id. He argues that certain dismissals do not qualify as

6  strikes and reiterates that he "has no ideal [sic] what makes strike (1) qualify its

7  [sic] unclear and should not [be] considered as a strike." Id. He concludes by

8  requesting, if the first strike does qualify as a strike, that he be given until June

9  8, 2025, to pay the filing fee. Id. at 3.

10       As to Plaintiff's claim that he "cannot recall" filing the action reflected as

11  the first strike, above, the Court notes that Plaintiff in that case has the same

12  first and last name as Plaintiff and has the identical Reg. Number as Plaintiff

13  herein—05594-041. Compare Complaint at 45 and IFP Request at 2 with

14  Ferris T. Valentine v. Michael P. Delaney, No. 2:99-cv-04133-GAF (MLG)

15  (C.D. Cal.) Docket Caption (reflecting Plaintiff's "REG" number as "05594-

16  041"), Dkt. 92 (Referencing "Ferris Terrel Valentine, REG 05594-041").

17  Further, Plaintiff unsuccessfully appealed the dismissal of the case constituting

18  the first strike, and the United States Court of Appeal for the Ninth Circuit's

19  docket caption also reflects Plaintiff-Appellant as "Ferris Terrel Valentine,"

20  with Reg. No. "055941-041." See Ferris Terrel Valentine v. Michael P.

21  Delaney, No. 03-55213 (9th Cir. 2003).

22       Further, although Plaintiff bases his challenge to the first identified strike

23  on his claim that he "has never been housed in California," that assertion is

24  belied by the instant Complaint, in which Plaintiff asserts he was housed at

25  USP-Victorville, in California. And Plaintiff's claim that he has only been

26  housed "on the East Coast" is belied by the third identified strike, which

27  Plaintiff does not challenge, which involved allegations of mistreatment while

28  Plaintiff was housed at a facility located in South Dakota. See Ferris Valentine

1  v. U.S. Marshals, et al., No. 4:20-cv-04206-KES (D.S.D. Dec. 22, 2020) (Dkt.

2  1). In addition, in his underlying criminal action in the District of Nebraska

3  that resulted in the federal conviction for which he was imprisoned when he

4  filed the case resulting in the first strike, Plaintiff filed a Notice of Change of

5  address on August 27, 2001, reflecting his transfer to USP-Beaumont, the same

6  location for the Plaintiff in the action resulting in the first strike and the

7  subsequent appeal of that action, further showing Plaintiff has been housed in

8  places other than the East Coast. See United States v. Valentine, No. 8:92-cr-

9  00011-RGK-CRZ (D. Neb.) (Dkt. 392, Notice of Change of Address to USP-

10  Beaumont, Aug. 27, 2001); Ferris T. Valentine v. Michael P. Delaney, No.

11  2:99-cv-04133-GAF (MLG) (C.D. Cal.) Dkt. 92 (Reflecting "Ferris Terrel

12  Valentine, REG 05594-041" located at USP-Beaumont); Ferris Terrel

13  Valentine v. Michael P. Delaney, No. 03-55213 (9th Cir. 2003) (Docket

14  Caption, reflecting Plaintiff-Appellant's address as USP-Beaumont).

15      Lastly, Plaintiff's challenge to the first strike based on his assertion that

16  he was never "housed in California," is of no moment, because in that action,

17  Plaintiff did not complain about treatment while in custody; rather, he

18  complained, while "incarcerated in the United States Penitentiary in

19  Beaumont, Texas" about an alleged improper seizure and forfeiture of a

20  vehicle "as a drug-related asset" in September 1991 in California. See Ferris T.

21  Valentine v. Michael P. Delaney, No. 2:99-cv-04133-GAF (MLG) (C.D. Cal.)

22  (Dkt. 83 at 2-3 (CM/ECF pagination)). Plaintiff acknowledged that he was

23  aware that the vehicle had been seized "'immediately after his arrest'" in

24  California in 1991. Id. at 5. A criminal complaint for a controlled substance

25  offense against "Ferris Terrel Valentine" was filed in this district on September

26  23, 1991, although the action was dismissed in 1995, after Plaintiff pleaded

27  guilty in the drug conspiracy case against him in the District of Nebraska. See

28  United States v. Ferris Terrel Valentine, No. 2:91-mj-01669 (C.D. Cal.) (Dkt.

1, Criminal Complaint, Sept. 23, 1991) (Dkt.  4, Order Dismissing Criminal Complaint, May 4, 1995). Shortly thereafter, on January 15, 1992, Plaintiff was indicted in the District of Nebraska for conspiracy to distribute crack cocaine, see United States v. Valentine, No. 8:92-cr-00011-RGK-CRZ (D. Neb.) (Dkt. 5, Indictment, Jan. 15, 1992), and it was his conviction and sentence in that case that resulted in him being in federal custody at the time he filed the case resulting in the first strike in this district, challenging the seizure of the vehicle in September 1991 as drug-related asset.

Thus, Plaintiff's challenge to the first strike identified above based on his assertion that he "was never housed" in California is both belied by the facts and of no moment because Plaintiff in that case did not allege that he was housed in California at the time he filed the action. Rather, Plaintiff in that case, filed in 1999, challenged a seizure and forfeiture of a vehicle in 1991. Judicially noticeable facts clearly tie Plaintiff herein to the Plaintiff in that case, as do the shared name (Ferris Valentine) and Reg. Number (05594-041). Plaintiff herein is the same Ferris Valentine, Reg. No. 05594-041, as in the case underlying the first strike.

Plaintiff's sole challenge to the OSC was that he "cannot recall" bringing an action in California in 1999, making it "unclear" whether he was the Plaintiff in that case. The Court finds, unequivocally, that Plaintiff herein was the Plaintiff in the case underlying the first strike set forth above.

Accordingly, as Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, and is not in imminent danger of serious physical injury traceable to the conduct alleged in the Complaint. The Court further denies Plaintiff's request to defer paying the filing fee until June 8, 2025. The OSC issued on March 20, 2025, provided Plaintiff an additional 28 days to pay the filing fee, but Plaintiff did not to do

so. Additional time is not warranted. This action must be dismissed under 28 U.S.C. § 1915(g).

Accordingly, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Complaint is DISMISSED without prejudice to refiling after prepayment of the full filing fee; and

2.  Judgment shall be entered accordingly.

Dated:  May 1, 2025

STEPHEN V. WILSON
United States District Judge

Presented by:

JOHN D. EARLY
United States Magistrate Judge

8